UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STACEY LATOUR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON DUCK TOURS, LP, SEAWEED, INC., CYNTHIA L. BROWN, and ANTHONY J. CERULLE,<br><br>Defendants. | CIVIL ACTION NO. |

## CLASS ACTION AND COLLECTION ACTION COMPLAINT

Plaintiff on behalf of herself and all other similarly-situated employees of defendants Boston Duck Tours, LP, Seaweed, Inc., Cynthia L. Brown, and Anthony J. Cerulle (together "Boston Duck Tours" or "Defendants") brings this action to recover unpaid overtime wages. This is a "collective action" for violations of the Fair Labor Standards Act ("FLSA"), and a class action, pursuant to Fed. R. Civ. P. 23, for violations of the Massachusetts wage laws.

### PARTIES

1. Plaintiff is an individual who resides in Taunton, Massachusetts.

2. Defendant Boston Duck Tours, LP is a Massachusetts limited partnership of which defendant Seaweed, Inc. is the general partner.

3. Defendant Seaweed, Inc. is a Massachusetts corporation with its principal place of business in Boston, MA, and is the general partner of defendant Boston Duck Tours, LP.

4. Defendant Cynthia L. Brown is the president of Seaweed, Inc.

5. Defendant Anthony J. Cerulle is the treasurer, secretary and director of Seaweed, Inc.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendants because they reside and/or have their principal place of business in Massachusetts.

7. This Court has subject matter jurisdiction over Plaintiff's claim under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. This Court has subject matter jurisdiction over Plaintiff's Massachusetts wage law claims pursuant to 28 U.S.C. § 1367(a).

9. Plaintiff requested, and the Massachusetts Office of the Attorney General granted, authorization to bring this action pursuant to M.G.L. c. 149, § 150 and M.G.L. c. 151, §§ 1B and 20.

## FACTUAL ALLEGATIONS

10. Defendants operate the iconic "duck boat" tours in and around Boston, selling tours of the city aboard World War II – styled amphibious vehicles.

11. Boston Duck Tours, LP, on information and belief, is the operator of the duck boats and tours.

12. Defendant Seaweed, Inc. is the general partner of Boston Duck Tours, LP and, on information and belief, controls the operations, including the employment and wage functions, of Boston Duck Tours, LP.

13. Defendants Cynthia L. Brown, and Anthony J. Cerulle are the President and Treasurer, respectively, of Seaweed, Inc.

14. On information and belief, Cynthia L. Brown, and Anthony J. Cerulle control and

have responsibility for the management of Boston Duck Tours, LP's employees, including its wage practices.

15. From approximately March 2017 to November 2019, Plaintiff worked for Boston Duck Tours as a duck boat driver.

16. Plaintiff and other similarly-situated employees, including, among others, duck boat drivers and "narrators" who rode with drivers to provide guided tours, regularly worked 4 or more 12-hour shifts per week, totaling 48 hours or more per week, or otherwise worked more than 40 hours per week.

17. Defendants regularly paid Plaintiff and other similarly-situated employees straight time for many of their overtime hours, instead of time and a half.

18. Defendants knew they were not properly paying their employees overtime wages. In fact, on information and belief, Defendants have previously been sued or threatened with suit, for similar wage violations, but did nothing to correct their pay practices.

19. On information and belief, the individual defendant, Cynthia Brown, was and is actively engaged in the operations of the company and in the decisions regarding compensation.

20. Defendants willfully deprived Plaintiff and other similarly-situated employees' wages to which they were entitled.

**COLLECTIVE ACTION ALLEGATIONS**

21. With respect to Count I below, Plaintiff brings this complaint individually and on behalf of an opt-in class (the "FLSA Class") comprised of all former and current Boston Duck Tours employees who have worked for Boston Duck Tours within the last three years and have not been paid the full time and a half for overtime hours they worked.

22. Plaintiff is a member of the FLSA Class.

23. Upon information and belief, the FLSA Class consists of more than 100 individuals.

24. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to the claims under the FLSA for unpaid compensation, liquidated damages, attorneys' fees, and costs. In addition to Plaintiff, numerous Boston Duck Tours employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is a representative of those other employees and is acting on behalf of the interests of the FLSA Class as well as her own in bringing this action.

25. Members of the FLSA Class are known to Boston Duck Tours, are readily identifiable, and can be located through Boston Duck Tours's payment records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## MASSACHUSET WAGE CLASS ALLEGATIONS

26. Plaintiff brings this complaint individually, and on behalf of a class of former or current hourly employees who were employed by Defendants in Massachusetts.

27. Plaintiff is a member of the Class.

28. <u>Numerosity</u>: The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, the Class consists of approximately 100 employees. The precise number of Class members and their addresses may be readily ascertained from Defendants records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

29. <u>Commonality</u>: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  Common questions of law and fact, include, but are not limited to, whether Defendants were entitled to time and a half pay for overtime and whether they were in fact properly paid for their overtime.

30. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class because Plaintiff and the other members of the Class were engaged in the same type of hourly work, in Massachusetts.

31. <u>Adequacy of Representation</u>: Plaintiff is adequate Class representatives because Plaintiff's interests do not conflict with the interests of the other members of the Class Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously.

32. <u>Superiority</u>: A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiffs and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims, so it would be impracticable for the Class members to individually seek redress for Defendants' wrongful conduct.  Even if the Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I
### Fair Labor Standards Act
### (Against Boston Duck Tours, LP, Seaweed, Inc., and Cynthia L. Brown,)

33. Plaintiff incorporates all other allegations in the complaint.

34. The wage provisions in the FLSA apply to Defendants and protect Plaintiffs and the FLSA Class.

35. Defendants failed to pay Plaintiff's wages, overtime wages and other compensation to which they were entitled under the FLSA.

36. Defendants violations of the FLSA have been willful and intentional.

37. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the members of the FLSA Class.

38. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

39. As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Class have been damaged by being denied wages and overtime wages in accordance with the FLSA in amounts to be determined at trial, and they are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

## COUNT II
### Massachusetts Wage Act
### (Against all Defendants)

40. Plaintiff realleges all of the foregoing.

41. The wage and overtime provisions set forth in Massachusetts Wage Law, including M.G.L. ch. 149 § 148 and ch. 151, § 1A, apply to Defendants and protect the Class.

42. Defendants violated M.G.L. ch. 151 § 1A by failing to pay Plaintiff, and members

of the Class, overtime pay to which they were entitled. Plaintiff brings suit for such violations pursuant to M.G.L. ch. 149, §§ 148, 150 and M.G.L. ch. 151, § 1B.

43. Defendants failed to pay Plaintiff and members of the Class wages and overtime wages to which they are entitled.

44. As a result of Defendants' violations of Massachusetts Wage Law, Plaintiff and the members of the Class have suffered damages, including by being denied wages and overtime wages in accordance with Massachusetts Wage Law in amounts to be determined at trial, and they are entitled to recovery of such amounts, treble damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

a. Designate this action as a collective action pursuant to 29 U.S.C. § 216(b) and direct prompt notice be provided to all potential members of the FLSA Class in order to allow them to "opt in" to this action;

b. Certify the Massachusetts Wage Class;

c. Award members of the FLSA Class and the Massachusetts Wage Class damages to be determined at trial, including, but not limited to liquidated and/or multiple damages under the FLSA and applicable Massachusetts wage laws, pre-judgment and post-judgment interest; and

d. Grant such other relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

STACEY LATOUR, individually and on behalf of all others similarly situated,

By her attorneys,


/s/ Nicholas J. Rosenberg
Nicholas J. Rosenberg (BBO No. 657887)
Josh Gardner (BBO No. 657347)
GARDNER & ROSENBERG P.C.
One State Street, Fourth Floor
Boston, MA 02109
Tel: 617-390-7570
nick@gardnerrosenberg.com